UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE COLLOPY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 6777 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| DYNAMIC RECOVERY SOLUTIONS, LLC, ) | |
| PINNACLE CREDIT SERVICES, LLC, and ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

After receiving a letter (the "Letter") from Defendants Dynamic Recovery Solutions, LLC ("Dynamic") and Pinnacle Credit Services, LLC ("Pinnacle") (collectively "Defendants")[1] that falsely lead Plaintiff Diane Collopy to believe that she owed a debt, which was no longer collectable pursuant to the Illinois statute of limitations, Collopy filed this lawsuit alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/2, *et seq.* Defendants move to dismiss [27] the complaint, arguing that the Letter is not misleading on its face as a matter of law. Because whether the Letter is misleading is a question of fact that the Court cannot determine on the pleadings, the Court denies Defendants' motion to dismiss the FDCPA claims, but because Collopy abandons her state law claim in her response to the motion to dismiss, the Court grants Defendants' motion to dismiss the ICFA claim.

---

[1] Collopy initially included Bank of America, N.A. ("BOA"), as a codefendant, but subsequently filed stipulation dismissing BOA with prejudice.

## BACKGROUND[2]

Collopy is an individual consumer who obtained a credit card from BOA and, more than ten years ago, defaulted on the debt she had incurred on that card. Subsequently, Pinnacle, a debt collector, purchased from BOA the debt's collection rights. In February 2016, Dynamic, also a debt collector, sent a letter to Collopy on behalf of Pinnacle seeking to collect on the debt. The Letter included the following statement:

> The law limits how long you can be sued on a debt. Because of the age of your debt, Pinnacle Credit Services, LLC will not sue you for it and Pinnacle Credit Services, LLC will not report it to any credit reporting agency.

Doc. 1-1 at 2. It also included three payment options, each including the disclaimer, "We are not obligated to renew this offer." *Id.* Reading the Letter, Collopy believed that if she did not pay the debt, then Defendants would sue her, due to her ignorance that the applicable Illinois statute of limitations would, in fact, bar any suit filed on the debt. Additionally, the Letter concealed that a partial payment on the debt would revive the statute of limitations, thus subjecting her to suit on the debt.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

---

[2] The facts in the background section are taken from the complaint and are presumed true for the purpose of resolving the Rule 12(b)(6) challenges. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Under 15 U.S.C. § 1692e, any debt collector violates the FDCPA by using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(10) specifically prohibits, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10). Section 1692f similarly prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. 1692f. Collopy argues that Defendants violated §§ 1692e and 1692f when they sent her a letter seeking to collect on a debt because that letter did not state that she "cannot be sued on the subject debt," Doc. 1 ¶ 57, and because it failed to disclose that if Collopy made a partial payment on the debt it would revive the statute of limitations.

To determine whether a communication violates the FDCPA, the Court must apply the "unsophisticated consumer" test. *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). "If a statement would not mislead an unsophisticated consumer, it does not violate the FDCPA." *Id.* at 645–46. The unsophisticated consumer has "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id.* at 645 (quotation marks omitted) (citations omitted). An unsophisticated consumer "may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (quotation marks

3

omitted) (citation omitted). Typically determining whether a communication is misleading is a question of fact that a court cannot determine at the motion to dismiss stage. *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999). If the Court can determine from the face of the letter in question that "not even a significant fraction of the population would be misled by it . . . the court should reject it without requiring evidence beyond the letter itself." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574–75 (7th Cir. 2004) (quotation marks omitted). If the statements in question "plainly, on their face, are not misleading or deceptive," the Court may dismiss the case based on its own determination without looking to extrinsic evidence. *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009).

Collopy contends that the following statement in the Letter is deceptive and misleading:

> The law limits how long you can be sued on a debt. Because of the age of your debt, Pinnacle Credit Services, LLC will not sue you for it and Pinnacle Credit Services, LLC will not report it to any credit reporting agency.

Doc. 1-1 at 2. Collopy alleges the statement failed to advise her that she cannot be sued on the subject debt. By using the words "will not sue you," Collopy pleads, Defendants create the misleading impression that Defendants are merely deciding not to sue rather than that Defendants are completely barred from suing. Furthermore, Collopy states that additional statements included in the letter add to the confusion by "blurring the line between an optional payment request and a commanding payment demand," Doc. 39 at 4, such as, "When you provide a check as payment," Doc. 1-1 at 2. She also argues that the inclusion of payment options "provides a strong inference that [Dynamic] intentionally attempted to mislead Plaintiff into making a payment on a debt she could no longer be sued for." Doc. 39 at 4. Finally, she asserts that the disclaimer, "We are not obligated to renew this offer," Doc. 1-1 at 4, caused

4

Collopy to believe that her failure to accept one of the payment options might result in further collection activity, an increased balance, or a future lawsuit.

Defendants argue that the Court can determine based on the letter alone that Defendants did not mislead Collopy and therefore, the Court should dismiss the complaint. They point out that the statement that Pinnacle "will not sue [Collopy]" for the debt is nearly identical to language that the Consumer Financial Protection Bureau ("CFPB") and the Federal Trade Commission ("FTC") have approved for use in letters seeking collection of time-barred debts. Defendants argue that opinions of the CFPB and the FTC are dispositive because the CFPB has both rule making and enforcement authority over the FDCPA, and, prior to the 2010 amendment of the FDCPA, the FTC had enforcement authority for the FDCPA.

The CFTC and FTC have required other debt collection companies to use nearly identical language in at least three Consent Orders dealing with the collection of time-barred debts. *See United States v. Asset Acceptance LLC*, No. 8:12-CV-182-T-27-EAJ (M.D. Fla. 2012); *Portfolio Recovery Assocs, LLC*, 2015 CFPBSTIP 0023, 2015 WL 5667146 (Sept. 9, 2015); *In re Encore Capital Grp. Inc., et al.*, 2015 CFPBSTIP 0022, 2015 WL 5667145 (Sept. 9, 2015).

The Court agrees that it should accord some deference to the FTC and CFPB on interpretation of the FDCPA, but because the language at issue is from Consent Decrees and is not the result of the formal rule making process, that deference is far lower. *Christensen v. Harris County*, 529 U.S. 576, 587, 120 S. Ct. 1655, 146 L. Ed. 2d 621 (2000) ("Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron*-style deference."). The fact that the current and former enforcement authorities for the FDCPA have specifically required the use of this language is strong evidence that, in their expert

5

opinions, this statement is not misleading; however, it is not conclusive at this stage of the litigation.

Defendants also cite several cases in which courts found nearly identical language not to be misleading. Most of these cases were decided at summary judgment, but in *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360 (D.N.J. 2016), the court dismissed a § 1692e claim at the motion to dismiss stage. The *Genova* court reasoned that the defendant did not mislead the plaintiff because the defendant did not affirmatively misrepresent the legal status of a time-barred debt and because it is not a violation of the FDCPA to attempt to collect a time-barred debt. *Id.* at 366–67. The court also cited the CFPB and FTC consent decrees discussed above to bolster its decision. *Id.* at 367–68. But, as discussed above, the CFPB and FTC consent decrees are not binding, especially at this juncture. Neither is the *Genova* decision especially persuasive where it did not apply the Seventh Circuit "unsophisticated consumer" standard for determining whether a statement is misleading.

Collopy plausibly alleges that the Letter is misleading to the unsophisticated consumer because that consumer could reasonable construe the Letter as stating that Defendants are merely electing not to sue on the debt, rather than that they are legally barred from doing so. The Court finds that this interpretation of the Letter is not, as a matter of law, so bizarre or idiosyncratic as to warrant dismissal at this stage. After discovery, however, Collopy must do more than demonstrate that the Letter confused or misled her, but must provide evidence that it was misleading to the unsophisticated consumer, which is an objective standard. *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012) ("[T]he unsophisticated consumer test is an objective one, meaning that it is unimportant whether the individual that actually received a violative letter was misled or deceived." (citations omitted) (quotation marks omitted)).

6

Collopy also alleges that Defendants' failure to state in the Letter that a partial payment on the debt would revive the statute of limitations on the debt, potentially subjecting her to suit, was a misleading, unfair attempt to collect the debt. There is no doubt that it is legally permissible for a debt collector to attempt to collect a time-barred debt. *See Murray v. CCB Credit Servs., Inc.*, No. 04 C 7456, 2004 WL 2943656, at *2 (N.D. Ill. Dec. 15, 2004) ("Merely attempting to collect a time-barred debt does not violate the FDCPA."). However, such collection efforts, if misleading or unfair, can violate the FDCPA. *See, e.g., Delgado v. Capital Mgmt. Servs. LP*, No. 4:12-CV-4057-SLD-JAG, 2013 WL 1194708, at *7 (C.D. Ill. Mar. 22, 2013) (denying a motion to dismiss where a settlement offer could impermissibly imply a legal obligation to pay a time-barred debt). Defendants argue that omitting potential consequences of making a partial payment is not misleading because, under Illinois law, partial payment alone is not sufficient to revive a time-barred debt. In support of this argument, Defendants cite several cases in which courts held that a new promise to pay is not sufficient to revive a claim without an express written agreement showing the nature and amount of the debt. *See, e.g., Brenner Grp. v. Seaboard Sur. Co.*, No. 00 C 306, 2001 WL 527437, at *2 (N.D. Ill. May 17, 2001). These cases are not helpful because they only address how a promise to pay affects the statute of limitations, and are silent on the effect of partial payment. The governing statute states:

> [I]f any payment or new promise to pay has been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay.

735 Ill. Comp. Stat. 5/13-206. The express language of the statute makes clear that "any payment" on a debt triggers a revival the statute of limitations on that debt. Therefore, because a partial payment could revive a time-barred debt and it is a question of fact whether or not the

Letter's omission on this point would mislead an unsophisticated consumer, the Court denies the motion to dismiss on this basis.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the motion to dismiss [27]. The Court grants the motion with respect to Count III, the ICFA claim, and the Court denies the motion with respect to Counts I and II, the FDCPA claims. Defendants are ordered to answer the complaint by April 26, 2017.

Dated: April 4, 2017

_____
SARA L. ELLIS
United States District Judge